IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,018-02






EX PARTE TRAVIS TYLER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-95-2057-0-CR-B IN THE 156TH DISTRICT COURT

BEE COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offenses of murder and attempted murder. He was sentenced to confinement for ninety-nine years on the murder charge and placed on probation for ten years on the attempted
murder charge. Applicant's convictions were affirmed on appeal. Tyler v. State, No. 13-95-00531-CR (Tex. App.--Corpus Christi, delivered April 18, 1997, no pet.). 

 Applicant contends that he was denied an opportunity to file a petition for
discretionary review (PDR). He contends that appellate counsel never informed him of his
right to file a PDR pro se.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court shall resolve those issues as
set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from appellate counsel, or it may order a hearing. In the
appropriate case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether appellate counsel timely informed Applicant that his conviction for murder had
been affirmed on appeal and that he was entitled to file a PDR pro se. (1) The trial court shall
then make findings of fact as to whether appellate counsel was ineffective. The trial court
shall also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (2) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (3)

 IT IS SO ORDERED THIS THE 10TH DAY OF MAY , 2006.





 

DO NOT PUBLISH 

 
1. The claims from Applicant's attempted murder conviction are not cognizable in a
habeas proceeding because he was placed on probation. Ex parte Renier, 734 S.W.2d 349 (Tex.
Crim. App. 1987). Therefore, the trial court's findings of fact shall be limited to Applicant's
murder conviction.
2. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
3. Any extensions of this time period shall be obtained from this Court.